[No. 12442. In Bank. — July 3, 1889.]

B. P. PEREGOY, DEFENDANT AND APPELLANT, *v.* JACOB McKISSICK, PLAINTIFF AND RESPONDENT.

WATER RIGHTS — APPROPRIATIONS — DIVERSION BY RIPARIAN PROPRIETOR — DAMAGES — INJUNCTION. — A prior appropriator of water cannot enjoin a riparian proprietor from causing the water of a natural stream to flow over his lands for beneficial purposes, where it appears that the prior appropriator is only nominally damaged by the acts done and threatened by the riparian owner, and it does not appear that the prior appropriator has used the water for a beneficial purpose, or raised or attempted to raise any crops on his land.

ID. — ACTS OF APPROPRIATION. — Whether an actual appropriation of water by means of a dam and ditch, not initiated by compliance with the provisions of the Civil Code as to posting and recording of notices, is valid, *quære.*

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion of the court.

*Spencer & Raker,* and *A. L. Shinn,* for Appellant.

There must be a showing of a permanent continuing and irreparable injury. A mere repeated trespass without such injury will not justify an injunction. (*Mechanics' Foundry* v. *Ryall,* 62 Cal. 416; *Leach* v. *Day,* 27 Cal. 645; *Tevis* v. *Ellis,* 25 Cal. 515; *Tomlinson* v. *Rubio,* 16 Cal. 203; *Burnett* v. *Whitesides,* 13 Cal. 156; *Ritter* v. *Patch,* 12 Cal. 298; *Middleton* v. *Franklin,* 3 Cal. 238; Hilliard on

Injunctions, 3d ed., 345; 1 High on Injunctions, 2d ed., p. 476; *Catching* v. *Terrill,* 10 Ga. 576; *Thomas* v. *James,* 23 Ala. 725; *Hoke* v. *Perdue,* 62 Cal. 546; *Waldron* v. *Marsh,* 5 Cal. 120.) An injunction will not lie to restrain the use of water while the person seeking the injunction is not in a condition to use the water or does not require it. (*Nevada Co. & S. C. Co.* v. *Kidd,* 37 Cal. 282.) No right can be acquired except by an appropriation to a useful purpose. (*Eddy* v. *Simpson,* 3 Cal. 249; 58 Am. Dec. 408; *Kimball* v. *Gearhart,* 12 Cal. 28.)

*Goodwin & Davis,* and *W. N. Goodwin,* for Respondent.

BEATTY, C. J.—There is the same fault in the entitling of this appeal as that noticed in case No. 12441, *ante,* p. 568. It should be entitled *McKissick* v. *Peregoy.*

This is an appeal from a judgment enjoining the defendant from interfering with a head-dam by means of which the plaintiff diverts water from a stream which flows in its natural course through the defendant's lands. This head-dam and connecting ditch were constructed by plaintiff on the land now owned by defendant while the title thereto remained in the government, and they have been used to divert the water of the stream to lands belonging to the plaintiff. The defendant, owning land bordering on the stream below plaintiff's dam, and needing the water for irrigation, has several times removed portions of the dam so as to cause the water to flow down to his own ditches, and claims the right to do so, and is insolvent.

But it is not found that plaintiff will be damaged by the acts done and threatened by the defendant except nominally. It is found that the water is useful and necessary for the irrigation of plaintiff's land, and that he diverted it for that purpose; but it is not found that he has ever used it for that purpose, or that he has ever raised or attempted to raise any sort of crops on his

land. For aught that appears, he has simply turned the water out of the stream and allowed it to run to waste. And when defendant turned it back into its natural channel through his land (where he did use it for beneficial purposes) it does not appear that plaintiff was at all damaged. The finding shows he was not damaged. Under such circumstances, a party claiming as an appropriator has no right to an injunction against a riparian proprietor, and the judgment is therefore erroneous.

Another point is also presented by the record in this case, viz., the validity of an appropriation not initiated by compliance with the provisions of the Civil Code as to posting and recording of notice. This question was decided in the case of *Necochea* v. *Curtis*, and a rehearing afterward granted.

As counsel in this case have not argued that question, and its decision is not necessary to a disposition of his appeal, we shall leave it untouched until we come to reconsider the case of *Necochea* v. *Curtis*.

For the reason above specified, the judgment is reversed, and cause remanded.

WORKS, J., SHARPSTEIN, J., PATERSON, J., and McFARLAND, J., concurred.

THORNTON, J., concurring.—I concur, and will add that if the plaintiff has never used the water for any useful or beneficial purpose, he was never an appropriator, and if he has ever used it for the purposes above mentioned, and then ceased to use it, his right has ceased. This is so by both statute (Civ. Code, sec. 1411) and the law fixed by the decisions in this state made before the statute was enacted. If he ever appropriated the water, or his right has ceased by non-user, we cannot see what right he has against the defendant, a riparian proprietor, to continue his diversion and waste of the water.