[14643. In Bank.—April 1, 1893.]

# THOMAS BARROWS ET AL., APPELLANTS, *v.* LOUIS C. FOX ET AL., RESPONDENTS.

| 98 | 63 |
| 101 | 51 |
| 98 | 63 |
| 112 | 233 |
| 98 | 63 |
| 147 | 407 |
| 147 | 717 |

WATER RIGHTS— APPROPRIATION — INJUNCTION — RESTRAINING WASTE BY PRIOR APPROPRIATOR — AFFIRMATIVE RELIEF TO DEFENDANT. — In an action by an appropriator of water to enjoin the defendants from diverting the water from the plaintiffs' ditch, where the defendants answered contesting the plaintiffs' claim and asserting their own claims, both as riparian proprietors and as appropriators, and praying affirmative relief, the court may ascertain the respective right of the parties, and enjoin each from interfering with the rights of the other, and it is not error for the court to enjoin the plaintiffs from diverting the whole amount of water appropriated by them for purposes of irrigation at times when it is found that they could not use it beneficially for that purpose, and when, as a necessary consequence, it would run to waste on non-riparian lands of the plaintiff.

ID.—APPROPRIATION LIMITED TO BENEFICIAL USE— RIGHT OF RIPARIAN PROPRIETOR TO SURPLUS WATER. —The extent of an appropriation of water is limited, not by the quantity of water diverted, but by the quantity which is, or which may be, applied by the appropriator to a beneficial use; and as to any surplus, the riparian proprietor below the point of diversion has a right to demand that it should flow in the stream as it has been accustomed to flow.

ID. —RIGHTS OF PRIOR APPROPRIATOR— AMOUNT OF DIVERSION— QUANTITY REQUIRED FOR BENEFICIAL USE—LOSS BY ABSORPTION— ERRONEOUS DECREE LIMITING RIGHT.—In such case where the trial court finds the quantity of water which the plaintiffs have a right to use on their lands for irrigation and other purposes, but fails to determine the quantity of water diverted, a decree limiting the diversion to the quantity which they are entitled to use on and at their lands has not a sufficient basis to support it. The plaintiffs have a right to

divert from the stream a quantity of water sufficient to yield at the place of use
the quantity required after the loss by absorption and evaporation of so much
thereof as is necessarily lost in a ditch or flume well constructed and kept in
good condition, that being the mode of their appropriation.

ID.—APPROPRIATION BY DITCH AND FLUME—USE OF LAND OF THIRD PARTIES—
LIMIT OF RIGHT TO QUANTITY FLOWING IN A PIPE—IMPROPER DECREE.—
Where it appeared that the plaintiffs diverted the water appropriated by them,
by means of a ditch and flume across the land of other parties, a decree limit-
ing their right of diversion to the quantity of water which would flow through
a three-quarter-inch pipe is erroneous, as the plaintiffs not only could not be
compelled to put in a pipe, but they would have no right to do so in the land
of others through which their ditch and flume extended, and the quantity allowed
to be diverted is undetermined and incapable of determination except by a means
legally impossible.

ID.—DITCHES AND FLUMES—ORDINARY MEANS OF DIVERSIONS—SUBSTITUTIONS OF
IRON PIPES NOT COMPELLABLE—REPAIRS TO PREVENT WASTE.—Ditches and
flumes are the usual and ordinary means of diverting water in this state, and
parties who have made their appropriations by such means cannot be compelled
to substitute iron pipes, though they may be compelled to keep their flumes and
ditches in good repair so as to prevent unnecessary waste.

APPEAL from a judgment of the Superior Court of Ventura
County, and from an order denying a motion for a new trial.

The facts are stated in the opinion of the court.

*Blackstock & Shepherd,* and *Chapman & Hendricks,* for Ap-
pellants.

*H. L. Poplin,* for Respondents.

BEATTY, C. J.—The plaintiffs in this action are successors
in interest to an appropriator of running water. The appro-
priation was made at a time when all the lands affected were
public lands of the United States, and by means of a ditch and
flume through which the water diverted, from the stream was
conducted to the lands now owned and occupied by the plaintiffs,
where it was applied to irrigation, watering stock, and domestic
purposes. The diversion and use of the water for these purposes
and by these means had been continued for more than thirteen
years prior to the trial of the action in October, 1890. The
defendants, long subsequent to the appropriation by plaintiffs'
grantor, became the owners of riparian lands through which the
stream flows in its natural course below the dam maintained by
plaintiffs for the purpose of forcing the water into the head of
their ditch. The lands of plaintiffs are not on or adjacent to

the stream, and no surplus or waste water will flow from their lands back into the stream, above or within the limits of defendants' lands. In the summer of 1890 the defendants, for the purpose of diverting the water from the plaintiffs' ditch and flume, and bringing it upon their own lands, tore out plaintiffs' dam, whereupon this action was commenced for damages, injunction, etc. The defendants answered, contesting plaintiffs'claims, and asserting their own claims, not only as riparian owners, but as appropriators, and praying for affirmative relief. The cause was tried by the court, and a decree rendered defining the rights of the respective parties, and enjoining each from interfering with the other. From this decree, and from an order denying their motion for a new trial, plaintiffs appeal.

The appeal from the order may be disposed of in few words. There was no error—none certainly that could possibly have prejudiced the plaintiffs—in any of the rulings made by the superior court during the trial, and we find in the record evidence sufficient to sustain the findings which are attacked. The principal objection to the findings is that they limit too strictly the extent and character of plaintiffs' appropriation. In effect, it is found that the appropriation did not exceed eleven inches of water, and that this quantity cannot be beneficially applied for the purpose of irrigation on plaintiffs' lands more than fifteen days in each month during the irrigating season, i. e., from June to November inclusive in each year. There is evidence to sustain this finding and to support the conclusion that the diversion by plaintiffs of the entire eleven inches during other months, or for more than fifteen days in each irrigating month, would merely result in a waste of the waters of the stream upon non-riparian lands. It is also found that for domestic purposes and for watering stock the plaintiffs require no more water than will flow through a three-quarter-inch iron pipe laid from the point of diversion to plaintiffs' lands on the grade of their ditch and flume. There is evidence, not very satisfactory perhaps, but sufficient to sustain this finding in the terms in which it is made, the only difficulty being that it fixes no quantity of water, and is incapable of fixing it in the absence of a pipe such as that described, and the fact is that the plaintiffs have not, and have never had a pipe of any description, but only an open flume and

ditch. This difficulty, however, does not result from lack of evi-
dence to support the finding, though it does, as we shall see,
affect that portion of the decree which is based upon it.

We come next to consider the points urged in support of the
appeal from the judgment.

1. The superior court did not err in enjoining the plaintiffs
from diverting the whole amount of water appropriated by
them for purposes of irrigation at times when it is found they
could not use it beneficially for that purpose, and when, as a
necessary consequence, it would run to waste on non-riparian
lands. The extent of an appropriation is limited not by the
quantity of water diverted, but by the quantity which is, or
which may be, applied by the appropriator to a beneficial use;
and as to any surplus, the riparian proprietor below the point
of diversion has a right to demand that it should flow in the
stream as it has been accustomed to flow. (Code Civ. Proc.,
sec. 1411; *Peregoy* v. *McKissick,* 79 Cal. 572.)

2. But we think the decree of the superior court in attempt-
ing to enforce this principle, goes, in one respect, too far, and
is in another particular too uncertain and indefinite to be
capable of enforcement.

The findings nowhere determine the quantity of water di-
verted by plaintiffs. All that they establish is the quantity
which plaintiffs have a right to use on their lands for irriga-
tion and other purposes; but plaintiffs are enjoined against
any diversion from the stream in excess of the quantity which
they are found to be entitled to use on and at their lands.
There is always and inevitably a difference between the quantity
of water diverted from a stream and the quantity which reaches
the place of use when conducted for any distance through an
open ditch or flume, and when the only fact found is the quan-
tity of water used, this is not a sufficient basis for an injunction
limiting the diversion.

These remarks apply with especial force to that part of the
decree which limits plaintiffs' right of diversion for stock and
domestic purposes to the quantity of water which will flow
through a three-quarter-inch pipe. The plaintiffs, as we have
seen, have no pipe of any dimensions, and they are not only not
obliged to put in a pipe, but they have no right to do so in the

lands of other parties through which their ditch is shown to extend. (*Allan* v. *San Jose Co.*, 92 Cal. 138.) The quantity of water which they are allowed to divert at all times for stock and domestic purposes is therefore undetermined and incapable of determination, except by a means legally impossible, and the decree is therefore erroneous. It is also erroneous for the further reason that the plaintiffs have the right to divert from the stream a quantity of water sufficient to yield at the place of use the quantity required after the loss by absorption and evaporation of so much thereof as is necessarily so lost in a ditch and flume well constructed and kept in good condition.

Ditches and flumes are the usual and ordinary means of diverting water in this state, and parties who have made their appropriations by such means cannot be compelled to substitute iron pipes, though they may be compelled to keep their flumes and ditches in good repair so as to prevent any unnecessary waste.

The judgment is reversed, and the cause remanded to the superior court with directions to modify its decree to conform to the views herein expressed, and for that purpose to take such additional testimony and make such additional findings as may be necessary.

HARRISON, J., GAROUTTE, J., PATERSON, J., and FITZGERALD, J., concurred.