[No. 19427.   Department Two.—April 1, 1896.]

RIVERSIDE WATER COMPANY, APPELLANT, v. R. H. SARGENT ET AL., RESPONDENTS.

WATER RIGHTS—DETERMINATION OF CONFLICTING CLAIMS—UNCERTAINTY OF FINDINGS AND JUDGMENT.—In an action to determine conflicting claims to water rights, the findings and judgment must fix the extent of the superior right, and determine definitely the quantity of water to be allowed to the party whose claim is paramount; otherwise, the judgment fails to attain the certainty necessary to an estoppel upon the main subject of litigation; and where the court in such action has not found the disputed quantity, nor fixed data from which it may be calculated, nor passed upon a definite issue made by the pleadings as to the quantity of water appropriated by the party in whose favor judgment is rendered, the judgment must be reversed, and a new trial granted.

ID. — LIMIT OF RIGHTS OF APPROPRIATOR — BENEFICIAL USE — WASTE.— The water to which an appropriator is entitled is not the quantity he diverts, but the quantity which is, or may be, applied to a beneficial use, allowance being made for necessary loss in transit, though the court will take care that no unnecessary waste of the element is permitted.

ID.—DEFENSE BY DITCH COMPANY—TRUST FOR SHAREHOLDERS.—A ditch company, in defending its rights to the water appropriated by it to a beneficial use, is not limited to a defense of the interest of those shareholders who appear and make proof of their several claims; but it has a right, as trustee of all the shareholders, to establish its claim to all the water owned and controlled by it for their benefit, whether the individuals to whom the water is apportionable are before the court or not.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. JOHN L. CAMPBELL, Judge.

The facts are stated in the opinion.

*Curtis, Oster & Curtis,* and *R. E. Houghton,* for Appellant.

The judgment must be reversed for want of certainty both in the judgment and findings in not fixing, by any known method of measurement, the amount of water that the plaintiff is entitled to take from the Santa Ana river. (*Dougherty* v. *Haggin,* 56 Cal. 522; *Kelly* v. *McKibben,* 54 Cal. 192; *Stewart* v. *Taylor,* 68 Cal. 7; *Lakeside Ditch Co.* v. *Crane,* 80 Cal. 181; *Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 565; *Lillis* v. *People's Ditch Co.* (Cal.), 34 Pac. Rep. 715; *Last Chance etc. Ditch Co.* v. *Heilbron,* 86 Cal. 1; Code Civ. Proc., sec. 1908; *Lawless* v. *Barger,* 9 Bush, 668; *Munger* v. *Grinnell,* 9 Mich. 544; *Ross* v. *Adams,* 13 Bush, 371.) An estoppel must be certain to every intent. (*Aiken* v. *Peck,* 22 Vt. 255; *Hooker* v. *Hubbard,* 102 Mass. 245; *Russell* v. *Place,* 94 U. S. 606, 610; Bigelow on Estoppel, 61.)

*C. J. Perkins,* and *Goodcell & Leonard,* for Respondents.

The judgment is sufficiently certain, as the judgment and findings limit the right of the defendant to the taking of water by means of a specified ditch and dam, and to the water being and flowing in said river at the place of diversion. When the evidence is conflicting, the findings of the court below will not be disturbed. (*Duff* v. *Duff,* 87 Cal. 104; *Campe* v. *Meierdiercks,* 87 Cal. 290; *Lynch* v. *Welby,* 87 Cal. 441; *Clavey* v. *Lord,* 87 Cal. 413; *Nichol* v. *Laumeister,* 102 Cal. 658; *Jefferson* v. *Hewitt,* 103 Cal. 624; *Adams* v. *Burbank,* 103 Cal. 646.) If the judgment is uncertain, it should be modified so as to limit the quantity of water to one thousand inches instead of to the capacity of the ditch, and, as so modified, be affirmed.

BRITT, C.—This action concerns the relative rights of the plaintiff, a corporation, and the defendant, Timber Ditch Water Company, also a corporation, to the use (acquired by appropriation) of water flowing in the Santa Ana river in San Bernardino county; each share of the stock of said Timber Ditch Company represents the right of the holder thereof to use for a definite time all the water owned or controlled by the company, and the interest of the other defendants arises from their ownership of shares of such stock, and consequent right to an apportionment of the water. It is alleged in the complaint that plaintiff is the owner of all the water of the river at the point where defendants, by means of a dam and ditch, diverted therefrom "a large amount of water belonging to plaintiff, to wit, upwards of one thousand inches measured under a four-inch pressure." Defendants, by their answers, denied that plaintiff is the owner of all the water of the river, and averred a superior right in the Timber Ditch Company to divert such water, by means of said dam and ditch, "to the extent of one thousand inches measured under a four-inch pressure, in constant flow, for the use and benefit of its stockholders," and that any right of the plaintiff to the water is subject to such priority of the ditch company. It is thus apparent that the controversy is whether the ditch company has any right to take water from the river, and, if it has, how much.

It was proved at the trial that above the head of said ditch the river is divided into two channels, called, respectively, the north channel and the south channel, and that the ditch proceeds from the former of these, the south channel being at that point about half a mile distant.

The court found that plaintiff is the owner of all the water flowing in the river at the point where the dam complained of was constructed, "except so much thereof as defendants are entitled to take and use, as hereinafter stated"; that the defendant, the Timber Ditch Water Company had, for more than six years before the com-

mencement of the action, continuously diverted water from the river by means of said dam and ditch, and has the right to take the water by those means "to the extent of the full capacity of said ditch, and . . . . during the irrigating season, . . . . to wit, from the fifteenth day of April to the fifteenth day of September of each year, . . . . to the extent of all the water being and flowing in said river at the place of said diversion." The judgment was in substantial accord with said findings; plaintiff appeals.

The decisions of this court establish that in cases like the present the findings and judgment must fix the extent of the superior right, viz., the quantity of water to be allowed to the party whose claim is paramount; otherwise, the judgment fails to attain the certainty necessary to an estoppel upon the main subject of the litigation. (*Dougherty* v. *Haggin*, 56 Cal. 522; *Alhambra etc. Water Co.* v. *Richardson*, 72 Cal. 604, 605; *Lakeside Ditch Co.* v. *Crane*, 80 Cal. 182; *Barrows* v. *Fox*, 98 Cal. 63; *Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 553; see, also, *Stewart* v. *Taylor*, 68 Cal. 7.) In this instance, the court has not found the disputed quantity nor data from which it may be calculated. In view of the fact, well known, that the carrying capacity of a water ditch is subject to rapid changes, being affected by the nature of the soil through which it passes, the rapidity and consequent scouring force of its current, the care it receives, and other matters more casual, the finding here seems well devised, as said in *Lakeside Ditch Co.* v. *Crane, supra*, to "lead to future disputes and litigation." The finding that during the irrigating season the ditch company is entitled to all the water flowing in the river at the point of diversion does not obviate the difficulty; by their pleadings, the defendants claim for the ditch company no more than one thousand inches of water, and if the quantity flowing in the river during that season should exceed such amount, as sometimes it did, then the plaintiff is admittedly entitled to the excess, and the finding in that respect is unauthorized by the pleading; again,

since the court found, in effect, that the right of the ditch company exists in consequence of the diversion of the water by means of said ditch and to the capacity of the ditch, it necessarily follows that the limit of the right is the carrying capacity of the ditch; defendant could have no lawful claim to more water than it had means to divert; then, for the time not included in the so-called irrigating season—April 15th to September 15th—no measure at all of the right of the ditch company is found, except the undetermined capacity of its ditch; and whether, under the clause of the judgment giving it, during the period mentioned, all the water flowing in the river at the place of diversion, it can claim the flow of both channels of the river, is a question upon which counsel for defendants themselves seem to differ. The pleadings make an issue upon the quantity of water appropriated by the ditch company, measured by inches, under four-inch pressure, and the objections we have noted could not have arisen had the findings and judgment been responsive to the pleadings in that particular.

Defendants suggest that the judgment may be so modified as to restrict the water awarded to the ditch company to one thousand inches, and affirmed as modified; this on the strength, as we understand the argument, of the allegation in plaintiff's complaint that defendants, by means of said dam and ditch, have diverted that amount of water from the river, and the admission of such averment in the answers of the defendants; it being claimed that the pleadings thus fix the capacity of the ditch. But the water to which an appropriator is entitled is not the quantity he diverts, but the quantity which is or may be applied to a beneficial use—allowance being made for necessary loss in transit (*Barrows* v. *Fox, supra*); and from the fact that a ditch has dimension to divert a thousand inches from a stream, it does not necessarily follow that it has dimension to carry that quantity, or any part of it, to the place of use.

The remaining matters discussed by counsel relate mainly to the sufficiency of the evidence to justify the findings that all the water flowing into the ditch during the irrigating season is used and required for use upon the lands of the ditch company's shareholders. If the ditch supplies to them the quantity claimed by defendants, and the area of land irrigated is no greater than the record seems to show—less than one hundred and fifty acres—then it would appear that the absorptive quality of the land is amazing, though, of course, not impossible. This circumstance, however, addresses itself chiefly as a monitory consideration to the trial court, which no doubt will take care that no unnecessary waste of the element is permitted (*Barrows* v. *Fox, supra; Shenandoah etc. Co.* v. *Morgan,* 106 Cal. 409; *Roeder* v. *Stein* (Nev.), 42 Pac. Rep. 867); in this court, there being no finding fixing the extent of the appropriation and use, there is little advantage in considering the effect of testimony tending to show what the finding might have been. It should be said, however, that appellant mistakes in assuming, as it apparently does, that the ditch company can defend only for the interests of those of its shareholders who appear and make proof of their several claims; its right, as trustee for all the shareholders, is to establish its claim to all the water owned and controlled by it for their benefit, whether the individuals to whom the water is apportionable are before the court or not.

We recommend that the judgment and order be reversed and the cause remanded for a new trial.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

McFARLAND, J., TEMPLE, J., HENSHAW, J.