Submitted on Briefs October 30, decided December 3, 1912.

### NEVADA DITCH CO. *v.* PACIFIC LIVESTOCK CO.

(127 Pac. 984.)

**Waters and Water Courses—Irrigation—Diversion of Water— Right of Action.**

1.  An irrigation company cannot sue on behalf of its stockholders for the damages suffered by them by reason of the wrongful diversion of water from its canal by a third person.

**Indemnity—Implied Contract—Right of Action.**

2.  An irrigation company, which by reason of the wrongful diversion of water from its canal has become liable to its stockholders and water consumers for failure to deliver water, cannot recover its damages caused by such liability from the wrongdoer until it has liquidated them.

**Indemnity—Implied Contract—Action—Pleading.**

3.  An irrigation company, suing to recover over against the wrongdoer damages paid by it to its stockholders and water

consumers because of the wrongful diversion of water, must plead such damages, giving the amount claimed and recovered by each water user separately and specifically.

From Malheur: DALTON BIGGS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by the Nevada Ditch Company, a corporation, against the Pacific Livestock Company, a corporation, to recover $10,000 damages sustained by the plaintiff corporation and its stockholders and water users on account of the alleged unlawful and wrongful diversion of waters which said corporation and its stockholders are entitled to under a former decree of this court. The plaintiff corporation sues on behalf of itself and all of the stockholders and water users lying under, and using water from, plaintiff's canal. The defendant has demurred to plaintiff's complaint on three separate grounds, by which it raises the question of plaintiff's right to sue for damages to land and crops owned severally by the stockholders in said corporation and water users obtaining their supply of water from plaintiff's canal. It is alleged in the complaint that the plaintiff corporation is engaged in supplying water to the stockholders for the irrigation of farm lands under said ditch, for the watering of live stock, and other domestic purposes; that the action is brought by plaintiff for itself and on behalf of, and for the use of, its stockholders and the users and consumers of the water under its ditch; that prior to September 21, 1887, a large number of the present stockholders of plaintiff corporation owned said canal and water right taken from the Malheur River, and were engaged in a co-operative plan of furnishing and supplying water to the several owners of said canal and water right for the purposes of irrigation, watering live stock, and domestic purposes; that about said last-named date the owners aforesaid, for the purpose of

convenience and simplicity in management, and for the purpose of more economically distributing the water from the canal to the several landowners thereunder, incorporated the Nevada Ditch Company, plaintiff, and conveyed to the company their several interests in and to the canal and water right; that thereafter a suit was commenced in the circuit court by the plaintiff, against the defendant and others, wherein a decree was obtained by the plaintiff as against the defendant and others declaring plaintiff to be the prior appropriator of 2,000 inches miner's measurement under six-inch pressure of the waters of Malheur River, as against defendant and others, and that the defendant was perpetually enjoined from diverting any water from the Malheur River until the appropriation of plaintiff, namely, for 2,000 miner's inches under six-inch pressure, was satisfied; that said decree is in force; and that that amount of water is necessary to supply the stockholders and users of water under said ditch for the irrigation of their respective buildings. . It is further alleged, among other things, that the stockholders and water users of plaintiff severally owned lands under its canal, which are susceptible of being irrigated from said canal, and were, during the irrigation season of 1910, engaged extensively in the raising of hay, grain, fruit, berries, vegetables, and garden products, etc.; and that, by reason of said unlawful diversion, the stockholders and users and consumers of water from plaintiff's ditch were greatly damaged by the drying up of their crops, etc. It is further alleged that by means of the wrongful acts and doings of the defendant company, whereby, as aforesaid, the crops and agricultural products of the farmers and others dependent on the water furnished by the said Nevada ditch were, to a large extent, lost and destroyed, to defendant's damage and to the damage of the stockholders and users and consumers of water, for whom it sues, in the sum of $10,000.                              AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court.  56 Or. 622 (117 Pac. XI).

For appellant there was a brief over the names of ·Messrs. *McCulloch, Soliss & Duncan* and *Mr. Charles E. S. Wood.*

For respondent there was a brief over the name ⱴf *Mr. John L. Rand.*

Mr. Justice McBride delivered the opinion of the court.

1. From the above statement it is clear that the principal object of this action is to enable plaintiff, as trustee for its stockholders, to collect for their use the damages suffered by them by defendant's wrongful diversion of water from plaintiff's canal.  Plaintiff's theory is this:

"I was incorporated for the purpose of supplying water to my stockholders through the medium of my canal. Therefore I am a trustee of an express trust for that purpose.  Defendant has wrongfully diverted the water which it was my duty to have furnished my consumers, and they are thereby damaged; and I, as their trustee, have a right to bring this action to collect for them such damages."

While for some purposes a corporation, as between itself and its stockholders, may be regarded as a trustee for the purpose of protecting its stockholders, we find no case in which it has been held that it can in such an action recover damages suffered by a considerable number of stockholders not united in interest, or by a single stockholder.  The cases cited by plaintiff as holding a contrary doctrine are: *Farmers' Independent Ditch Co.* v. *Agricultural Ditch Co. et al.*, 22 Colo. 513 (45 Pac. 444; 55 Am. St. Rep. 149); *Thorpe* v. *Tenem Ditch Co.*, 1 Wash. 566 (20 Pac. 588); *Riverside Water Co.* v. *Sargent,* 112 Cal. 230 (44 Pac. 560).  But all these cases are

equitable actions, and in the states where the distinctions between legal and equitable procedure are preserved would be denominated suits in equity; and, stripped of their verbiage, they hold only this: That an irrigating corporation may invoke the equitable powers of the court to prevent diversion of water to the injury of its stockholders and water users without making them coplaintiffs. This announces no new rule nor one that is peculiar to irrigating corporations. The case of *Eaton* v. *Larimer & Weld Reservoir Company*, 3 Colo. App. 366 (33 Pac. 278), holds directly contrary to the contention of plaintiff in this case. The court observes:

"The corporation was not farming the lands on which the crops were sown that suffered from the failure to deliver the water. They were the property of third persons who were not parties to the action in which the writ was issued, and who were not nominated in the bond on which the suit is based. To extend the right to recover to include these losses under such circumstances would surely violate the well-founded doctrine that nothing shall be allowed which is not the actual, natural, and proximate result of the wrong committed."

2, 3. To allow the action to proceed in its present form would impose upon the defendant the burden of trying out the claims for damages varying in amount and several in their nature against an indefinite number of undisclosed persons, which damages have not apparently been liquidated as between the plaintiff and the injured water consumers. If the plaintiff has been prevented by the tort of defendant from complying with its obligations to its stockholders, and has thereby become liable to them, it would seem that the proper and orderly course would be to liquidate such damages, and, having done so, its remedy over against the defendant would be complete; but even then such damages would be special in their nature, and should be so pleaded, giving the amount claimed and recovered by each water user separately and specifically so that a defendant could prepare his defense understandingly.

It may be true, as suggested by counsel for plaintiff, that an irrigating corporation should be permitted to

sue for injuries suffered in cases like the present without being subjected to the circuitous method of first liquidating its own primary liability to its water consumers, and it is evident that a statute, with proper limitations to secure certainty in the pleading and to apprise a defendant of what he would be expected to defend against, would abridge litigation and avoid a useless multiplicity of suits; but this is a matter to be submitted to the consideration of the legislative authority of the state rather than to the court, which will gladly welcome any measure tending to lessen unnecessary litigation.

The judgment of the circuit court is affirmed.

AFFIRMED.