448 P.2d 707

**GUNNISON–FAYETTE CANAL COMPANY,**
**a Utah corporation, Plaintiff**
**and Respondent,**

v.

**GUNNISON IRRIGATION COMPANY,**
**a Utah corporation, Defendant**
**and Appellant.**

No. 11209.

Supreme Court of Utah.

Dec. 5, 1968.

Macoy A. McMurray, of McKay & Burton, Salt Lake City, for appellant.

Ken Chamberlain, of Olsen & Chamberlain, Richfield, for respondent.

ELLETT, Justice:

This is an appeal by Gunnison Irrigation Company from a summary judgment decreeing priorities in the use of water to plaintiff, Gunnison-Fayette Canal Company, and a cross-appeal by the plaintiff from a summary judgment holding that plaintiff cannot recover for water allegedly wrongfully appropriated by the defendant.

On November 30, 1936, the "Cox Decree" was signed by Judge LeRoy H. Cox, adjudicating all of the rights to the waters of the Sevier River and its tributaries. This appeal deals only with the Sanpitch River, a tributary of the Sevier, and its own tributaries, to wit Twelve Mile Creek and Six Mile Creek. The plaintiff was awarded 40 c. f. s.[1] of the water flowing in Sanpitch River; and Highland Canal Company, defendant's predecessor in interest, was awarded a greater amount of the flow, with this limitation:

> Twelve Mile Creek at a point S. 46 degrees 48 minutes W. 750 feet from the NE corner of the SW ¼ of the NE ¼ Sec. 32, T. 18 S., R. 2 E. into the Highland No. ___ Canal. It is provided, however, that all of the rights of the Highland Canal Company to the use of the water from Sanpitch River and its tributaries, Six Mile Creek and Twelve Mile Creek are subject to the right of the Gunnison-Fayette Canal Company to 25 c. f. s. out of 40 c. f. s. awarded to said Gunnison-Fayette Canal Company.

The Cox Decree is contained in a printed book containing 232 pages. The appellant claims that because the quoted provisions are written in a subparagraph which distributes the water of Twelve Mile Creek

---

1. "C. f. s." is an abbreviation for cubic feet per second.

that there is an ambiguity and that the priority to Gunnison-Fayette Canal Company for 25 c. f. s. must be limited to water flowing in Twelve Mile Creek or to that in Twelve Mile Creek together with that in Six Mile Creek because the description given for Twelve Mile Creek is really that of Six Mile Creek.

For the court to err in the survey description creates no ambiguity when the creeks are clearly designated by name. The trial court could see no ambiguity and refused to allow evidence of what was the intent of the provisions or what the practice over the years had been. We are in accord with that ruling. The decree is crysstal clear, to wit, that of the 40 c. f. s. awarded to plaintiff, 25 c. f. s. would have priority over the water awarded to the defendant.[2]

The judgment of the lower court is affirmed as to this priority.

In the matter involved in the cross-appeal a different judge ruled that the plaintiff could not recover any damages for water wrongfully diverted away from it by the defendant, his reason given being that the plaintiff was a mutual irrigation company and existed solely for the purpose of making distribution of water to its stockholders; that it neither sold nor rented water and, therefore, sustained no loss;

that if any water was wrongfully diverted, it would be the stockholders who suffered the loss, and they and they alone would have the right to bring the action.

The Nonprofit Corporation Act found in Sec. 16–6–20, U.C.A.1953 (Replacement Vol. 2, 1967 Pocket Supplement), applies to mutual irrigation, canal, ditch, reservoir and water companies. By Sec. 16–6–22 of the Act such mutual irrigation companies, etc., are given power " * * * (2) To sue and be sued, complain and defend, in its corporate name."

The instant action was not brought for damages to crops as the trial judge assumed. It was for the value of the water which had been awarded to the plaintiff by the Cox Decree and which had been wrongfully diverted by the defendant. That water, if any was so diverted, undoubtedly had a provable value, and the fact that the corporation neither sold nor rented water is of no concern. The plaintiff in its corporate name should be able to recover for the value of the water, and it would hold the proceeds of any judgment in trust for its stockholders.

The holding of the trial court that the plaintiff has no right to sue is reversed. The case is remanded for further proceedings not inconsistent with this opinion. Costs are awarded to the plaintiff.

2. The water in the streams varies greatly from time to time. At times the flow is great enough for all. At other times there is an insufficient flow, and so the needs of users are satisfied according to their respective priorities.

CROCKETT, C. J., and CALLISTER, J., concur.

TUCKETT, Justice (concurring in part):

I concur with the opinion of Justice EL-LETT affirming a summary judgment by the court below decreeing certain priorities in the use of water to the plaintiff, but I am unable to agree with the opinion wherein it would reverse the summary judgment of the court as to the right of the plaintiff to recover damages. I am in agreement that the nonprofit corporation act referred to in the opinion confers upon the plaintiff the right to sue and to be sued in its corporate name, however, I do not believe that the statute confers upon the plaintiff the right to recover damages sustained by its share-holders. The plaintiff does not claim that it has been damaged by any act of the defendant and it is quite clear that the plaintiff has suffered no damage to its property nor a loss of revenue. If anyone has suffered damage by reason of the defendant's unlawful diversion of water from the plaintiff, it is the water users or shareholders of the plaintiff corporation and they are entitled to sue to recover for their losses. The measure of the damage suffered by an individual user would be the damage to crops.[1] I am of the opinion that the plaintiff has no right at law to sue to recover damages suffered by its shareholders as a trustee or otherwise.[2]

I would affirm the lower court in granting a summary judgment upon that part of the case.

HENRIOD, Justice (concurring and dissenting):

I concur with Mr. Justice ELLETT'S conclusion as to priorities, and concur with Mr. Justice TUCKETT'S conclusion as to parties plaintiff. It seems to me that each water user has a personal claim for individual damage, and not simply an aliquot recovery, percentage-ownerwise, with shareholders who may have suffered no damage at all. In a given year, one farmer-shareholder for personal reasons may have relinquished his water turn, with no damage resulting, while another may have gone broke because of failure to receive his water turn because of a trespass on his rights by one not entitled thereto. If the articles of incorporation had provided for authority in or assignment to the corporation of individual shareholders' claims, evidence anent thereto would be required to establish the measure of damages to each shareholder who would have to prove them. Otherwise, one shareholder may enjoy a windfall at the expense of his damaged and disadvantaged brother shareholder.

1. Bigler v. Fryer, 82 Utah 380, 25 P.2d 598.

2. Nevada Ditch Co. v. Pacific Livestock Co., 63 Or. 363, 127 P. 984; Eaton v. Larimer & Weld Reservoir Co., 3 Colo. App. 366, 33 P. 278.