[No. 7,203.—Department One.]

## T. J. DOUGHERTY *v.* J. B. HAGGIN ET AL.

VERDICT — UNCERTAINTY — MINERS' MEASUREMENT—NEW TRIAL.—In an action to determine the rights of the plaintiff to the waters of a creek, the complaint alleged, that the plaintiff was entitled to "five hundred inches, measured under a four-inch pressure," of the waters. in question; and the jury found that he was entitled. to "forty inches, miners' measurement." *Held,* that the verdict was uncertain, and a new trial ordered.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of Kern County. BRUNDAGE, J.

*Louis T. Haggin,* for Appellants.

The judgment or decree should be certain; otherwise it is void. (*Kelly* v. *McKibben,* 53 Cal. 13 ; *Ballard* v. *Davis,* 1 Marsh. J. J. 377 ; *Honore* v. *Colmesnil,* id. 525; *Lawless* v. *Barger,* 9 Bush. 666 ; *Noland* v. *Noland,* 12 id. 426 ; *Ross* v. *Adams,* 12 id. 370 ; *Brittenham* v. *Cummins,* 1 Bibb. 487 ; *Munger* v. *Grinnell,* 9 Mich. 544.)

*R. E. Arick,* for Respondent.

Ross, J. :

The plaintiff, claiming to be entitled to the use of certain waters of a certain creek in Kern County, called Clear creek, brought this action for the purpose of enjoining the defendants from diverting the said waters, and to recover damages, etc.   The verdict returned is in these words: " We, the jury, find that the plaintiff is entitled to forty inches, miners' measurement, of the

waters of Clear creek, described in the complaint; and we further find, that he has been damaged by the defendants in the sum of $1,200." Judgment was entered for the plaintiff in accordance with the verdict. The complaint avers, that the plaintiff is entitled to " five hundred inches, measured under a four-inch pressure, of the waters " in controversy, but nowhere makes any reference to " miners' measurement." It was admitted at the argument, that these latter terms have no fixed meaning, and that an inch of water according to " miners' measurement " in one locality is sometimes a very different quantity from an inch according to " miners' measurement " in another locality. As already observed, the pleadings make no reference to such measurement, nor is there anything anywhere in the record to indicate what is meant by the " forty inches, miners' measurement, of the waters," awarded by the jury and the Court below to the plaintiff. For aught that the record shows, and for aught that we know, the quantity thus awarded him may exceed the " five hundred inches, measured under a four-inch pressure," claimed in his complaint. It was suggested by counsel for the respondent, that the words " miners' measurement," used by the jury in its verdict, and by the Court in its decree, might be treated as surplusage, and disregarded, and the verdict and decree read as giving to the plaintiff " forty inches, measured under a four-inch pressure." It is clear that we cannot thus alter the language and intent of the Court and the jury.

The judgment and order must be reversed, and the cause remanded to the Court below for a new trial, with leave to the plaintiff to amend his complaint if he shall be so advised. Ordered accordingly.

McKINSTRY, J., and McKEE, J., concurred.