[Sac. No. 632. Department One.—October 1, 1900.]

## JAMES M. STEINBERGER, Appellant, v. AUGUST MEYER and EMMA MEYER, Respondents.

WATER RIGHTS—UNCERTAIN JUDGMENT—REVERSAL UPON APPEAL.—A judgment in an action involving the rights of the parties in the flow of the waters of a creek, which, when its parts are read together and considered as a whole, is unsatisfactory and uncertain, and not sufficiently explicit to determine all the rights of the parties, and the amount of water to which each is entitled. must be reversed upon appeal.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellant.

Spencer & Raker, and H. D. & G. S. Burroughs, for Respondents.

GAROUTTE, J.—This litigation involves the respective rights of the parties to the use of the waters of a certain creek known as Willow Ranch creek. Plaintiff in his complaint alleged a diversion of these waters by defendants without right,

and sought a permanent injunction, with damages. Defend-
ants admitted a diversion of twenty-five inches of the waters
of the creek, and claimed the right to so divert. They also
claimed rights as upper riparian owners, and rights by reason
of an artificial increase of the flow of waters of certain springs
which were situated upon their land, and which to some extent
(possibly quite limited) formed the source of supply of the
aforesaid creek. The findings of fact do not squarely meet all
the issues, and the judgment rendered is not clear and explicit
as to the respective rights of these parties in the waters in-
volved.

The judgment rendered provided: "1. That plaintiff, as
against defendant, is the legal and lawful owner in and to all
the water of Willow Ranch or Steinberger creek, and every part
thereof and has the legal and lawful right to divert at any and
all times all of the water from said creek and use the same
for irrigation and domestic use and purposes; 2. That defend-
ant as against plaintiff is lawfully entitled at any and all times
to the free and unobstructed flow and to the diversion and use
of sufficient water to and from said springs to properly and
thoroughly irrigate in the aggregate three acres of land and
for domestic use and purposes." Nothing is said in this judg-
ment as to the injunction prayed for and each party is allowed
his costs. By respondents' brief it is asserted that the claim
made in their answer to a right of diversion of twenty-five
inches of water of Willow Ranch creek was abandoned during
the trial. But we find no suggestion to that effect in the record.
The present appeal is taken by plaintiff from the judgment,
without a bill of exceptions.

We will not enter into a consideration of the sufficiency of
the findings of fact to support the judgment rendered, for we
have concluded that the judgment itself is of such a character
as to justify plaintiff in appealing from it. Laying aside the
question of a perpetual injunction—to which plaintiff would
seem to be entitled if defendants were, in fact, diverting
twenty-five inches of water from the aforesaid creek without
right—more serious questions present themselves. The various
parts of the judgment must be read together, and, taken as a
whole, it is not satisfactory or explicit. The first portion of

the judgment seems to give plaintiff the use of all the waters of the creek. Yet that right to the use of all these waters seems to be curtailed by the second portion of the judgment. Indeed, as the judgment now stands, it can only serve the single purpose of furnishing the groundwork for future litigation, and plaintiff is certainly entitled to something more. He is entitled to a plain and explicit adjudication, declaring what his rights are to these waters, and what defendants' rights are to the waters, if they have any. As to the percolating waters defendants have gathered together in springs upon their lands by artificial means, it would seem plaintiff has no concern. But as to any interference with the waters of these springs, by which their usual and natural flow is prevented from passing down Willow Ranch creek to the lands of plaintiff, that is an entirely different question. Again, it is utterly impossible to determine from the language of the judgment how much water is necessary to "properly and thoroughly irrigate in the aggregate three acres of land." If that water is produced by the exertions of defendants, probably the quantity is an immaterial matter to plaintiff, but if it is water coming from these springs, which, without artificial means, would flow by way of the creek to plaintiff's land, it is a very material matter to him. The quantity of land the defendants may irrigate seems to be immaterial. The question here presented is, as to the amount of water the respective parties should be awarded. As to whether or not defendants, by the judgment, are given the use of any of the waters by reason of their upper riparian ownership, it is impossible to say. Neither do we see anything in the findings of fact bearing specially upon that question.

For the foregoing reasons the judgment is reversed.

Harrison, J., and Van Dyke, J., concurred.