[S. F. No. 2183.   Department Two.—August 25, 1902.]

## JAMES V. COLEMAN et al., Appellants, v. ADELE T. LE FRANC et al., Respondents.

RIPARIAN RIGHTS—DAM OF UPPER PROPRIETOR—PRESUMPTION—BURDEN OF PROOF.—A dam erected in a stream by an upper riparian proprietor for the purpose of enabling him to utilize flood-water cannot be said, as matter of law, to be an unreasonable encroachment upon the rights of a lower riparian proprietor at seasons of low water. The upper proprietor is entitled to a reasonable use of the water, and it must be presumed that he was acting within his rights in the absence of an affirmative showing by the lower proprietor that injury in fact resulted thereby to his rights, and that the use by the upper proprietor was excessive.

ID.—REMEDY OF LOWER PROPRIETOR—INJUNCTION—DETERMINATION OF RIGHTS.—The remedy of the lower proprietor, if injured by the dam of the upper proprietor, is not to enjoin altogether any use of the water by him, but to have the respective rights of the parties

determined; and no injunction can be allowed in the absence of a clear showing of excessive use by the upper proprietor to his injury.

ID.—PLEADING—JUDGMENT—DISMISSAL.—Where the complaint of the lower proprietor did not recognize any riparian rights of the upper proprietor, and only sought an injunction to restrain any use of the water of the stream by the defendant, the court properly rendered a judgment dismissing the plaintiff's action without prejudice to the right of plaintiff to maintain another action to determine the proportion of water which the respective riparian owners may use.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion.

Garret W. McEnerney, for Appellant.

Jackson Hatch, and Tuttle & Patton, for Respondents.

CHIPMAN, C.—The action was brought to obtain a judgment enjoining defendants from diverting any of the water of Arroyo Seco de los Capatancillos at a point above the lands of plaintiffs, in Santa Clara County, or from obstructing, hindering, or in any manner interfering with the free flow of said water in its natural channel in, through, and upon the lands of the plaintiffs, and for general relief. The court, in its conclusions of law, found that "plaintiffs are not entitled to an injunction against defendants as prayed for, or at all, and the defendants are entitled to a judgment dismissing the plaintiffs' complaint and this action, with costs, but without prejudice to the right of plaintiffs to maintain another action to determine the proportion of water which the respective riparian owners may use." Judgment was entered accordingly, from which plaintiffs appeal.

No point is made on the insufficiency of the evidence to support the findings. Plaintiffs' contention is, that upon the admissions of the pleadings and the facts found judgment should have been entered for plaintiffs.

The Arroyo is a stream that flows a large quantity of water in flood seasons, but at the close of the rainy season gradually diminishes the flow, and finally water ceases altogether to run in the bed of the stream. The court found that in some seasons

of the year the water does not run down as far as defendants' dam. This dam, by means of which defendants diverted the flood-waters on to their land, is constructed entirely across the stream, and was between two and three feet high. Just above the northerly end of the dam is a flood-gate, through which the water when flowing over the dam could be taken to a flume and thence over defendants' land, the purpose of defendants being to utilize the flood-water at times when there was abundance for all riparian owners. It is contended, however, that at seasons of low water "it is inevitable that the dam maintained by the defendants will interfere with the flow of the water; and this court will take notice of the fact, relying upon its own experience and its own judgment, that the maintenance of such a permanent dam necessarily obstructs and prevents the flow of water at certain seasons of the year, and, consequently, involves a violation of the riparian rights of the plaintiffs." (Citing Code Civ. Proc., sec. 1875, subd. 8; *Cederberg* v. *Robison,* 100 Cal. 93; *Butler* v. *Ashworth,* 102 Cal. 663.) It is urged that if plaintiffs permit the diversion by means of this dam they would lose their rights as riparian owners by prescription. (Citing *Alta etc. Co.* v. *Hancock,* 85 Cal. 223.[1])

Plaintiffs and defendants are riparian owners—the latter both above and below plaintiffs' lands; both are entitled to a reasonable quantity of the water of the stream for irrigation. It was said in *Charnock* v. *Higuerra,* 111 Cal. 473,[2] at p. 480: "Whatever be the just proportion of water to which any riparian proprietor is entitled, that proportion cannot be diminished by the fact that in order to utilize it he must raise it from the bed of the stream by pumps or other similar appliances. Every diversion of water from a stream is artificial—a disturbance of the natural order of things. A dam or a ditch is as much an artificial mechanism as a pump,— indeed, it may be much more so; and the one alters the natural condition in the same sense that the other does"; and it was held that the method of diversion was immaterial, so long as the use did not infringe the like and equal rights of others. The court cannot say, as matter of law, and based on its own experience and judgment, that this dam was an encroachment

---

[1] 20 Am. St. Rep. 217.          [2] 52 Am. St. Rep. 195.

upon plaintiffs' riparian rights, in the absence of an affirmative showing by defendants that no such injury in fact had followed. It must be presumed rather that defendants are proceeding only within their rights, since they were riparian proprietors and entitled as such to a reasonable use of the water. Plaintiffs' remedy would not be to enjoin altogether any use of the water by defendants, but to have the respective rights of the parties determined as riparian owners; and before plaintiffs could have the aid of the court to enjoin defendants' use they would have to show that such use was in excess of their rights and resulted in plaintiffs' injury.

And this leads to plaintiffs' second point,—namely, that the court should have determined the rights of the parties as riparian proprietors, and that it was error to give judgment for defendants, even though without prejudice to plaintiffs' right to bring an action to determine the proportion of water which the respective riparian owners may use.

Upon this point it is sufficient to say that the complaint was not drawn for any such object, and does not recognize defendants as riparian owners. The theory of the complaint is, that defendants are proceeding wholly without right. There was no evidence before the court from which it could have adjudged the respective rights of the parties. Conceding the complaint to be broad enough in its allegations to have admitted of the trial of such issue, as between the parties before the court, plaintiffs did not avail themselves of the opportunity to try such issue. It certainly was not the duty of the court to compel the parties to try their rights as riparian owners and compel them to submit evidence as to the proportion to which each was entitled. In view of the pleadings and the evidence, we think the court could do no more than was done by it and that the judgment should stand. (*Bathgate* v. *Irvine,* 126 Cal. 135.[1])

It is therefore advised that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., McFarland, J., Temple, J.

[1] 77 Am. St. Rep. 158.