[No. 6555.    Decided March 19, 1907.]

NIELS P. NIELSON *et al.*, *Respondents*, v. JOHN SPONER, *Appellant.*[1]

CONSTITUTIONAL LAW—DUE PROCESS—WATERS—RIPARIAN RIGHTS. The statute of 1890 (Bal. Code, § 4114) providing that a person shall have the first right to the use of spring waters arising on his land, is unconstitutional as to riparian rights to the use of the waters for domestic purposes by lower proprietors whose lands were patented prior to the enactment of the statute; as it deprives them of their property without due process of law.

WATERS AND WATER COURSES—RIPARIAN RIGHTS—EXTENT—IRRIGATION. An upper riparian proprietor is not entitled to divert all the waters of a stream for irrigation purposes, by means of a ditch running through porous soil occasioning much waste, so that none is left for domestic uses of lower owners.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered July 23, 1906, upon findings in favor of the plaintiffs, enjoining a riparian owner from diverting the waters of a stream for irrigation purposes. Affirmed.

*Crites & Romaine*, for appellant.

*Walter B. Whitcomb*, for respondents.

ROOT, J.—This action was brought by respondents, as lower riparian owners, to enjoin the appellant from unreasonably using and diverting the waters of Thomas or Spooner creek, a small stream flowing across the lands of appellant and respondents. From a judgment and decree in favor of respondents, this appeal is prosecuted.

It appears that there is very little water in said stream during the months of July, August and September; that at times during said period the appellant diverted said water for the purpose of irrigating his orchard. It is claimed by

[1]Reported in 89 Pac. 155.

respondents that this water was diverted by means of a small ditch running through soil that was very porous and which necessarily occasioned the loss and waste of much of the water; that the water was not returned to the creek, and consequently respondents could get no water for domestic purposes from said creek during the summer period when the water was so diverted by appellant. The latter claims that during said summer months there is no water in the creek excepting such as comes from a spring situated upon his premises, and contends that he is entitled to take all of such water that is capable of being used upon his premises. He relies as authority for this upon § 4114 of Bal. Code (P. C. § 5829), a part of which reads as follows:

"Provided, That the person upon whose lands the seepage or spring waters first rise shall have a prior right to such waters, if capable of being used upon his lands."

This statute was enacted in 1890. The evidence in this case shows that respondents' land was patented in 1883, and that it has been occupied ever since. Under the common law, each riparian proprietor had a right to ordinary use for domestic purposes of water flowing in a defined stream past or through his land. In the case of *Geddis v. Parrish*, 1 Wash. 587, 21 Pac. 314, the supreme court of Washington Territory held that a lower riparian owner was entitled to, and could exercise, this right, even though the waters of such stream originated in a spring upon the land of the person seeking to divert them from the natural channel.

Under the authorities, it would seem that the privilege of the respondents' predecessors to use the waters of the stream in question here was a property right running with the land from the time it was patented by the government in 1883. This being true, an act of the legislature in 1890, authorizing a landowner to use all the spring water arising on his land and thereby destroying the use of such water to the lower riparian owner, would be unconstitutional as a taking or destroying of property without due process of law. Appellant

had the right to make free use of this water whether it came from a spring on his land or otherwise, for the ordinary domestic purposes; but we do not think that irrigation, at least when conducted in the manner that this was, can constitute a use which will justify an upper riparian owner in taking all of the water to the destruction of the ordinary domestic uses thereof by a riparian owner below, in the absence of prior, legal appropriation. See, also, *Nesalhous v. Walker*, 45 Wash. 621, 88 Pac. 1032; *Smith v. Corbit*, 116 Cal. 587, 48 Pac. 725; *Shotwell v. Dodge*, 8 Wash. 337, 36 Pac. 254; *Benton v. Johncox*, 17 Wash. 277, 49 Pac. 495; *Union Mill and Min. Co. v. Ferris*, 2 Sawyer 176; *Howe v. Norman*, 13 R. I. 488; *Brosman v. Harris*, 39 Ore. 148, 65 Pac. 867, 87 Am. St. 649, 54 L. R. A. 628; *Ellis v. Tone*, 58 Cal. 289; *Harris v. Harrison*, 93 Cal. 676, 29 Pac. 325; *Lord v. Meadville Water Co.*, 135 Pa. St. 122, 19 Atl. 1007, 20 Am. St. 864, 8 L. R. A. 202; Pomeroy, Water Rights, § 134; Gould, Waters, §§ 205,536.

The judgment of the superior court is affirmed.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and MOUNT, JJ., concur.