[Civ. No. 4211. First Appellate District, Division One.—May 5, 1922.]

GUY J. K. BIGELOW et al., Respondents, v. G. MERZ, Appellant.

[1] NONSUIT—POSTPONEMENT OF DECISION — SUBSEQUENT ORDER FOR JUDGMENT FOR DEFENDANT—EFFECT OF.—Where a motion for a nonsuit made at the conclusion of plaintiff's case was taken under advisement, and some months thereafter the court made an order which was entered in the minutes that judgment be given for the defendant, such order was not in effect one granting the motion for nonsuit but an order for judgment in the defendant's favor, and the court had jurisdiction thereafter to make findings of fact in conflict with such order without first vacating it on notice to the defendant.

[2] WATERS AND WATER RIGHTS—STREAM HAVING SOURCE IN SPRINGS — RIGHT OF LAND OWNER. — A land owner upon whose land the waters of a stream have their source in springs is not entitled to the exclusive right thereto.

[3] NONSUIT—POSTPONEMENT OF DECISION OF MOTION — FINDINGS.— When a motion for a nonsuit is submitted at the close of the plaintiff's evidence and a decision thereon is postponed for further consideration, and it is not decided until after the defendant's evidence has been introduced, formal findings are not necessary to accomplish a decision of such motion. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. Z. Blakeman for Appellant.

R. M. Barrett for Respondents.

KERRIGAN, J.—This action was brought to enjoin the defendant from interfering with the flow of water from his land to that of the plaintiffs. The complaint set forth that the plaintiffs and the defendant were the owners of lands riparian to a stream of water having its source in springs situated upon certain described land and upon the land of the defendant, and flowing thence down to and upon the plaintiffs' lands; that said plaintiffs had for a number of years used a specified amount of the water of said stream for domestic purposes and for irrigation, and that it was necessary that they have the continued use of said water; that the defendant had diverted the whole thereof for his own purposes, and prayed for an injunction against him to prevent such diversion. The prayer of the complaint also contained a demand that the court apportion the waters of said stream among the parties to the action. The answer denied the material allegations of the complaint with certain exceptions, and set forth that the water diverted by the defendant came entirely from springs arising upon his own land, and that the only water which reached the plaintiffs after the run-off of the winter rains had ceased was such as the defendant permitted occasionally to escape from his dams constructed to impound the waters

of said springs. It also set up the claim that the right to the use of the water flowing from said springs belonged solely to the defendant as the owner of the land upon which they arose, and that no other person whatever had a right to the use of any of said water save and except and only to the extent that the defendant permitted any of it to escape from his said land, and claimed the right also to prevent such escape.

The court found that there was a creek flowing through the lands of the defendant and the plaintiffs, taking its source from seepage and percolating waters and in springs located on defendant's land, and flowing thence in a well-defined watercourse on to and through the lands of the plaintiffs; that the lands or portions of them of all the parties to the suit are riparian to said stream, and that each of said parties is entitled to a reasonable share of the water thereof for household and domestic purposes, for watering stock and for irrigation. It further found that the defendant had by means of dams, reservoirs, and a system of pipes diverted and appropriated the full flow of said water but had not used the whole thereof for household or domestic purposes or for watering stock or irrigating land, permitting some to go to waste. Among the findings of the court is one to the effect that "the evidence introduced at the trial is insufficient to enable the court to determine the extent of the riparian rights of each of the parties to said action, and by reason of such insufficiency of evidence the question of determining the proportions of water to which each party is entitled is left open as an undetermined issue, which may hereafter be determined in a proceeding brought by either or any of the parties to this action, or the successor in interest of such party or parties, for such purpose."

As a conclusion of law the court decreed that each of the parties to the action is a riparian owner in and to the waters of said creek and entitled to an undetermined portion thereof, and that neither party take judgment against the other for costs.

[1] The defendant appeals, and makes several contentions in support thereof, the first of which relates to the action of the court upon a motion for nonsuit which the defendant made at the conclusion of the plaintiffs' case. The

motion was not immediately acted upon but was taken under advisement, and at a time some months before the filing of the findings of fact above referred to the court made an order, which was entered in its minutes, that "Judgment be and the same is hereby given the defendant, plaintiffs to take nothing by action." It is contended by the appellant that this order was in effect the granting of his motion for nonsuit, and that the court had no jurisdiction thereafter to make findings of fact in conflict with said order without first vacating it on notice to the defendant.

This order did not purport in terms to be a disposition of defendant's motion for nonsuit, but an order for judgment in his favor. But, since there was a trial the court was required, in the absence of a waiver by the parties, to give its decision in writing and file the same with the clerk (Code Civ. Proc., sec. 632). Such decision, setting forth separately the facts found and the conclusions of law, forms the basis of the judgment (Code Civ. Proc., sec. 633); and until rendered in accordance with those sections of the code there is no authority for entering judgment (*Crim* v. *Kessing*, 89 Cal. 486 [23 Am. St. Rep. 491, 26 Pac. 1074]; *Delger* v. *Jacobs*, 19 Cal. App. 197, 207 [125 Pac. 258].) Being an order for judgment merely, it was not final nor binding; and the decision in writing subsequently filed with the clerk being inconsistent with such order superseded it.

[2] It is next contended by the appellant that the motion for nonsuit should have been granted. The grounds advanced for this contention are, first, that the evidence, as he contends, shows that the only water diverted by him in the summer-time was used on his own land for beneficial purposes, and was from the springs and creek which arose within and on his own land; and, second, that more water flowed in the creek past the lowest point of diversion by defendant than flowed at any point above, and the water flowing past said lowest point of diversion was not obstructed or interfered with by the defendant but flowed on down the course of the creek toward plaintiffs' lands.

As to the first ground, it is based upon the assumption that, since the source of the water was upon defendant's own land, he had the right to use the whole of it for beneficial purposes; and this idea is reproduced in his argument

that his rights with regard to said water were not riparian
in character, nor could the plaintiffs have any riparian
rights therein. The contention is seriously advanced that a
land owner cannot be riparian to a stream which has its
source within and upon his land, and is attempted to be
supported by the following quotations from decisions of
the supreme court:

"The right of a riparian proprietor in or to the waters
of a stream flowing through or along his land is not a right
of ownership in the waters" (*Hargrave* v. *Cook*, 108 Cal.
77 [30 L. R. A. 390, 41 Pac. 18]).

"A riparian proprietor has no title or ownership in the
water of a stream before it reaches his land . . . has no
title to the water except as it passed in front of his land
and constituted a stream" (*Duckworth* v. *Watsonville*, 150
Cal. 525 [89 Pac. 338]).

"It is held by all the better authorities that the right of
the riparian owner to the natural flow of the stream by or
across his land in its accustomed channel is an incident to
his estate" (*Benton* v. *Johncox*, 17 Wash. 277 [61 Am. St.
Rep. 912, 39 L. R. A. 107, 49 Pac. 495]).

"All riparian owners through or by the side of whose
land a stream naturally flows may enjoy the privilege of
using it" (1 Kinney on Irrigation and Water Rights, 2d
ed., sec. 455).

It is obvious that these citations do not support the con-
tention of the appellant, and, indeed, the rule is otherwise.
"Water in a spring is water in a watercourse, however
small, if it runs in a defined channel with a tendency to
regularity" (1 Wiel on Water Rights, 3d ed., sec. 336).

"Under the common law each riparian proprietor had a
right to ordinary use for domestic purposes of water flow-
ing in a defined stream past or through his land. In the
case of *Geddis* v. *Parish,* 1 Wash. 587 [21 Pac. 314], the
supreme court of Washington Territory held that a lower
riparian proprietor was entitled to and could exercise this
right even though the waters of such stream originated in a
spring upon the land of the person seeking to divert them
from the natural channel." (*Nielson* v. *Sponer*, 46 Wash.
14 [123 Am. St. Rep. 910, 89 Pac. 155].)

"If the stream flows at its source by the operation of
nature, that is, if it is a natural stream, the rights and

liabilities of the party owning the land at its source are the same as those of the proprietors in the course below'' (Broom's Legal Maxims, 8th ed., p. 297). As to both such owners those rights must be exercised with due regard to the rights of others, and the situation is one to which has been applied the maxim: Enjoy your own property in such a manner as not to injure that of another person (*Sic utere tuo,* etc.). This rule, so far from being departed from has been extended in California to percolating waters (*Cohen* v. *La Canada Land etc. Co.,* 142 Cal. 437 [76 Pac. 47]). The claim, therefore, of the appellant to a paramount and exclusive right is untenable.

The second point made by the appellant under his contention that his motion for nonsuit should have been granted, namely, that the evidence showed that more water flowed in the creek past the lowest point of diversion by the defendant than flowed in the creek at any point above, has little significance, in view of the testimony of plaintiff Bigelow tending to show that when the defendant was not diverting the water it reached his land and he was able to procure an ample supply, but that when the defendant's dams and diverting pipes were in full operation no water reached him. Upon the motion for nonsuit the court of necessity accepted this testimony as true, together with its legitimate inferences.

A further point is made by the appellant that the judgment is not in accord with or supported by the case made by the complaint and embraced within the issues. This objection has reference to a provision of the judgment to the effect that ''either or any of the parties hereto or his or her successor in interest may hereafter bring and maintain an action or proceeding for the purpose of determining the quantity or proportion of water that such party or parties are legally entitled to use 'for beneficial and useful purposes.'' The occasion of this provision of the judgment was the demand contained in the prayer of the complaint that the court apportion the waters of the stream among the parties to the action. It is urged that the effect of this provision is to cloud and tie up indefinitely the title to the defendant's land.

We see little merit in this contention. We do not perceive how it gives to any of the parties any right which

they would not have had if such provision had been omitted from the judgment. In effect the court merely denied part of the relief sought, namely, a specific apportionment of the water, basing its denial upon lack of facts necessary to enable it to make such apportionment. It found the issues in favor of the plaintiffs. Those issues were the ownership of land by each of the parties to the action riparian to a certain stream of water, and the necessity and convenience for each of them to use a reasonable portion of such water. If in the subsequent exercise by any of the parties of the rights confirmed or given by such decree it should become necessary to seek a specific apportionment, the right to such relief would spring from the fact of riparian ownership, and would necessarily exist independent of the clause of the decree reserving such right. If this be so, reservation of that right in terms does not cloud the defendant's title to his land. A similar provision in a decree adjudging riparian rights was upheld in *Bathgate* v. *Irvine,* 126 Cal. 135 [77 Am. St. Rep. 158, 58 Pac. 442]; *Coleman* v. *LeFranc,* 137 Cal. 214 [69 Pac. 1011]; *Strong* v. *Baldwin,* 154 Cal. 150 [129 Am. St. Rep. 149, 97 Pac. 178].

Finally, complaint is made by the appellant that material parts of the findings are not supported by the evidence, citing as examples the finding that at a given time the defendant diverted the whole of the water of the creek in question to his own uses, and also a finding as to the amount of said water used by the plaintiff Bigelow. Assuming this criticism by the appellant to be justified it avails him nothing, since the judgment actually entered does not depend upon such findings. The judgment determines only that the lands of the plaintiffs and defendant are riparian, and that each has a right to a reasonable use of the stream. The findings attacked are immaterial to the judgment actually entered; and therefore, if erroneous, would afford no ground for reversal (*Zihn* v. *Zihn,* 153 Cal. 405 [95 Pac. 868]).

Judgment affirmed.

Tyler, P. J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied

by the supreme court on July 3, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing in the supreme court is denied.

[3] In so far as the opinion of the district court of appeal may seem to imply that, when a motion for a nonsuit is submitted to the court at the close of the plaintiff's evidence and a decision thereon is postponed for further consideration, and it is not decided until after the defendant's evidence has been introduced, formal findings are necessary to accomplish a decision of such motion, we cannot approve of it. It is true that a formal judgment against the plaintiff must be entered, but no findings are necessary. In the present case, however, no such judgment was entered, and the announcement which the minutes indicate that the court made prior to its final decision in the case cannot be considered as a judgment on the motion for nonsuit, nor as anything more than a mere announcement or order. Never having been entered as a judgment, the court was at liberty to disregard it and render a judgment contrary thereto.

Shaw, C. J., Waste, J., Sloane, J., and Richards, J., *pro tem.*, concurred.