[S. F. No. 11659. In Bank.—December 28, 1927.]

## SANTOS OMNES et al., Respondents, v. A. B. CRAWFORD, Appellant.

[1] WATERS AND WATER RIGHTS—RIPARIAN LANDS—SUFFICIENCY OF EVIDENCE.—In this suit by parties claiming that their lands are riparian to a stream, to prevent the defendant from obstructing the flow of the stream to their lands, it is held that the extent to which the lands of plaintiffs bordered the stream was sufficient upon which to establish riparian proprietorship in the plaintiffs and to support a finding to that effect.

[2] ID. — JUDGMENT — APPORTIONMENT OF WATER. — In such action, where plaintiffs by the allegations of their complaint and their proofs endeavored to and did establish their status as riparian owners and their right to enjoin the diversion from the stream of all of its waters by an upper riparian owner, but the amount of water to which the plaintiffs claimed to be entitled was

neither alleged nor proved, and defendant by his answer merely denied that plaintiffs' lands were riparian to the stream and that plaintiffs had any right to use any of the waters of the stream, but asked no affirmative relief and mentioned no amount of water to which he claimed title, merely praying that plaintiffs take nothing, the court was not bound by its judgment to find the specific amount of water to which each of the parties was entitled.

(1) 40 **Cyc.**, p. 618, n. 58.    (2) 40 **Cyc.**, p. 619, n. 65.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles B. Younger for Appellant.

W. M. Gardner for Respondents.

SHENK, J.—This is an appeal from a judgment enjoining the defendant from maintaining a dam or artificial obstruction in the channel of Logan Creek, sometimes called Rogers Creek, in Santa Cruz County. It was alleged by the plaintiffs and found on sufficient evidence that the plaintiffs Santos Omnes and Elsie Omnes, his wife, are the owners of lands riparian to said stream and have been such owners and have resided on said land since 1906; that said plaintiffs have no other water for domestic purposes than the waters of said stream and that such waters are necessary for their domestic and household purposes; that the defendant is the owner of lands bordering on said stream above the lands of the plaintiffs; that within ninety days prior to the commencement of this action the defendant constructed and now maintains a dam in the bed of and across said stream at a point above the lands of the plaintiffs thereby completely shutting off the flow of the waters of said stream and preventing the same from flowing in its natural channel down to the lands of the plaintiffs, thus wrongfully and entirely depriving the plaintiffs of the use of said waters to their irreparable damage and injury. The court further found that the defendant "is diverting much of the impounded waters of said stream to lands not riparian to said stream, and that if such waters were not so diverted, there would be

sufficient water pass over the lands of the plaintiffs to supply plaintiffs' demands.'' The judgment ordered that the defendant be ''perpetually enjoined and restrained from maintaining, erecting, having or keeping, in the channel of the stream . . . at any point above the lands of the plaintiffs, any dam or artificial obstruction of any kind which will prevent, or otherwise interfere with the flow of sufficient water down said stream to the lands of plaintiffs for their household and domestic use.''

It is the contention of the defendant (1) that plaintiffs did not establish their right to the use of any of the waters of the stream and (2) that the judgment is fatally uncertain in that it does not adjudicate the amount of water to which the parties are, or either of them is, entitled.

[1] As to the first point the evidence was conflicting as to whether the lands of the plaintiffs are riparian to the stream and while it was shown that said lands bordered on the stream only to a small extent, the extent to which they so bordered was sufficient upon which to establish riparian proprietorship in the plaintiffs and to support the finding to that effect.

[2] In support of the second point it is urged that as the court found and determined only that the plaintiffs are entitled to the flow of sufficient water down the stream for their household and domestic uses and did not find nor determine the specific amount to which the parties were or either of them was entitled, the judgment is fatally uncertain, can serve no purpose other than to furnish the basis of further litigation, and therefore must be reversed on the authority of *Steinberger* v. *Meyer,* 130 Cal. 156 [62 Pac. 483], *Rogers* v. *Overacker,* 4 Cal. App. 333 [87 Pac. 1107]; and *Powers* v. *Perry,* 12 Cal. 77 [106 Pac. 595]. The foregoing cases undoubtedly support the contention of the defendant that it is desirable and in proper cases essential in order to constitute an estoppel and prevent further litigation that the judgment define the rights of the parties with such certainty as to enable them to understand what they are to do or not to do under its terms, and said cases are illustrative of those instances wherein such certainty will be required. But it is not in every controversy involving rights to the use of water that the adjudication of the particular amount of water to which the parties are entitled is essential

to the validity of the judgment. The circumstances of each case must be considered in order to determine the question. In the present case the plaintiffs by the allegations of their complaint and their proof endeavored to and did establish their status as riparian owners and their right to enjoin the diversion away from the stream of all of its waters by an upper riparian owner. The amount of water to which the plaintiffs claimed to be entitled was neither alleged nor proved by the plaintiffs. In his answer the defendant denied that the lands of the plaintiffs were riparian to the stream and sought unsuccessfully to prove that they were not riparian. He denied all right in the plaintiffs to the use of any of the waters of the stream. He asked for no affirmative relief, made no mention of his pleadings or proofs as to the amount of water to which he claimed to be entitled as against the plaintiffs, and prayed merely that plaintiffs take nothing and for costs. It may be assumed that under the prayer of the plaintiffs for general relief the court would have been justified in receiving proof and ascertaining therefrom the specific amount of water to which each party was entitled and render judgment accordingly. Nevertheless we think the court was not bound to do so in the absence of any allegation or proof on the subject and in the absence of any request or suggestion from either litigant that such course be taken by the court. This would seem especially to be true when the gravamen of the action was to determine first the status of riparian proprietors on the part of the plaintiffs, and, secondly, the right to maintain the dam and divert all the water from the stream on the part of the defendant. This case therefore properly falls within the doctrine announced in such cases as *Strong* v. *Baldwin,* 154 Cal. 150, 163 [129 Am. St. Rep. 149, 97 Pac. 178], and *Bigelow* v. *Merz,* 57 Cal. App. 613 [208 Pac. 128], wherein it was held that if a controversy should arise as to the specific amount of water to which the parties are entitled in the exercise of the rights adjudicated by the judgment, such controversy might well abide the result of a future determination. In the present case it is fair to assume that since the status of riparian owner is established in the plaintiffs herein and the wrongfulness of the maintenance of the dam by the defendant for the diversion of waters to lands not riparian to the stream

is also determined, a compliance with the judgment by the defendant will obviate further litigation.

The judgment is affirmed.

Richards, J., Curtis, J., Langdon, J., Preston, J., Seawell, J., and Waste, C. J., concurred