[Civ. No. 5523.   First Appellate District, Division Two. — September 16, 1926.]

## GIOVANNI SEGARINI, Respondent, v. FRANCISCA BARGAGLIOTTI et al., Appellants.

[1] RES ADJUDICATA—QUIETING TITLE—AFTER-ACQUIRED TITLE—EJECTMENT.—A judgment against a defendant in an action to quiet title is not a bar to an action by him in ejectment based upon rights acquired after the quiet title suit is at issue and before trial thereof, but not pleaded therein.

[2] ID.—EJECTMENT—FINDINGS.—In such ejectment action, where all the facts relating to the plea of *res adjudicata* are admitted, and as a matter of law do not constitute a defense to the ejectment action, no finding which the trial court might have made as to the defense would have affected the result of the litigation.

(1) 34 C. J., p. 960, n. 38.   (2) 4 C. J., p. 1060, n. 9, 13; 38 Cyc., p. 1973, n. 16.

APPEAL from a judgment of the Superior Court of San Francisco. Walter E. Herzinger, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

William F. Herron for Appellants.

Sylvester Andriano and William R. Lowery for Respondent.

LANGDON, P. J.—This appeal is by the defendants from a judgment against them in an action of ejectment. To understand the legal question presented by the appeal, matters occurring prior to the present action, as disclosed by the evidence, must be recited.

On March 19, 1920, the defendants and appellants herein, Francisca Bargagliotti and her husband, commenced an action against the plaintiff and respondent Segarini and others to remove the cloud of certain judgments from their title to the property involved in this action.   The

1.   See 22 Cal. Jur. 195.

complaint, besides the usual allegations in a quiet title action, contained an averment that the Bargagliottis had declared a homestead upon said property on the fifteenth day of May, 1917.

Segarini filed his answer to said quiet title suit, wherein he set up as his sole defense that he had obtained a judgment against the Bargagliottis on the thirteenth day of March, 1918, for something over seven hundred dollars and he prayed that this judgment be declared a lien upon the property.

On March 26, 1920, the Banca Popolare Fugazi, which held a mortgage upon this same property and which had not been made a party defendant in said quiet title action, commenced an action to foreclose said mortgage, making both the Bargagliottis and Segarini defendants in the foreclosure suit. All defendants in the foreclosure suit defaulted and the bank obtained a decree of foreclosure on December 5, 1921.

On January 4, 1922, nearly two years after the quiet title suit was at issue, the property was sold by the court commissioner pursuant to said decree of foreclosure and Segarini purchased the property at said sale and obtained a commissioner's certificate of sale.

On March 23, 1922, the Bargagliottis, after they had no further interest in the property except their equity of redemption, brought the quiet title action to trial, and Segarini, having failed to appear at the trial, obtained a judgment quieting their title against him.

Later, and on January 9, 1923, Segarini obtained a commissioner's deed to the property which was duly recorded, and on March 1, 1923, this action was commenced in ejectment.

[1] The Bargagliottis interposed the defense of *res adjudicata,* contending that the judgment against Segarini in the quiet title suit was conclusive and barred all his rights, even though those rights had been acquired after said action was at issue, and were not and could not have been passed upon in said action.

The trial court decided against this contention of the defendants and appellants, and they are urging it now as their principal point upon appeal. We think the question is thoroughly settled against them, and that both reason and authority support the conclusion of the trial court.

Section 1911 of the Code of Civil Procedure provides: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

A case presenting a principle similar to the one presented by the case at bar is *People's Saving Bank* v. *Hodgdon,* 64 Cal. 95 [27 Pac. 863], which was an action to quiet title. During the pendency of a former action in ejectment, one of the defendants therein, after her answer had been filed, acquired a new, independent title to the property from the purchaser at a foreclosure sale. Two years after the acquisition of such new independent title judgment was rendered in the ejectment suit against said defendant, who had filed no supplemental answer. The court said:

"The single question in the present case is, whether Jane Griffin and her co-plaintiff, who claims under her, are concluded by the judgment rendered against her in the ejectment suit.

"When Hodgdon commenced his action of ejectment, and when Jane Griffin filed her answer therein, the legal title to the property in controversy was in Jane Griffin, because of the deed executed to her by Gass. The title was, however, subject to be divested by the culminating step in the foreclosure proceedings, to-wit, by the execution of the sheriff's deed. The title was so divested in the year 1869. When Laidley, Hickox and Dale received the deed from the sheriff they took the title as of December 17, 1858, the date of the mortgage by virtue of which the foreclosure proceedings were had. (*McMillan* v. *Richards*, 9 Cal. 412.) They thus became vested with the legal title to the property as of a date anterior to the deed from Gass to Jane Griffin and anterior to the ejectment suit of Hodgdon; and not being parties to that suit, they were of course unaffected by it. They could, therefore, undoubtedly have asserted their title against both Hodgdon and Jane Griffin. In 1870 they conveyed their title to Jane Griffin. It is true that that conveyance was made intermediate the filing of her answer in the ejectment suit and the trial of the action, but the title she got by the con-

veyance was not the same title she had when the suit was commenced and when her answer was filed; for the title she had at those dates was subject to the mortgage, and therefore subject to be, as it was, divested by the execution of the sheriff's deed in pursuance of the sale made by virtue of the decree of foreclosure; the title she got by the deed from Laidley, Hickox and Dale conveyed to her the absolute fee of the property as of date December 17, 1858, unaffected by any subsequent conveyance or action. This title Jane Griffin did not hold at the time she joined issue in the action brought against her by Hodgdon but it was acquired by her intermediate that time and the entry of judgment in that case, and was not set up by supplementary answer. It was therefore not involved in that action, and was therefore unaffected by the judgment therein rendered. (*Valentine* v. *Mahoney*, 37 Cal. 396; *Thompson* v. *McKay*, 41 Cal. 221; *Bagley* v. *Ward*, 37 Cal. 121 [90 Am. Dec. 256].)''

In the case of *Valentine* v. *Mahoney, supra,* it was said: ''The position that a judgment will not estop or preclude a party against whom it is rendered from relying upon a title acquired subsequently to the rendition of the judgment, or a title not in issue in that action, is too clear and well settled to require argument. . . . The plaintiff claims that this title accrued after the suit of *Mahoney* v. *Wilson* was determined. But it is not necessary to go to that length, for if he did not hold the title at the time the issue of fact was joined in that action, or if acquired intermediate that time and the rendition of the judgment, it was not set up by supplemental answer, and it was unaffected by the judgment, for the very sufficient reason that it was not involved in the action. It is enough for the plaintiff to show that the alleged newly acquired title was not in issue in the action, without showing that it was acquired after the judgment.''

The case of *Metropolis Trust & Savings Bank* v. *Barnet,* 165 Cal. 449 [132 Pac. 833], is also pertinent. Therein it was said:

''It is claimed by appellants that the respondent is precluded from asserting in the present action the title derived by it through the trustee's sale pending the mechanics' lien suit brought by Fuller and Company; that said title

was involved in said action in which the respondent was defendant, and is *res adjudicata* by said judgment, so that respondent is estopped from asserting it in the present suit. . . .

"The title which is asserted in the present action—the absolute title acquired by respondent under the trustee's sale—was not put in issue by the answer of respondent. In fact it did not then have the absolute title to the property, as the trustee's sale, under which that title was derived, had not then taken place. It is true that subsequent to the filing of its answer respondent acquired such title under the trustee's sale, but that title was never put in issue. It might have been, had the respondent chosen to do so by a supplemental answer. But no such answer was filed, and we are not referred to any authority which made it compulsory that such an answer should be filed. In the absence of such supplemental answer the rule is that: 'The rights of the parties are to be determined as they were at the commencement of an action unless some event happens subsequently which affects the matters in issue and the court cannot consider such subsequent matter unless it is presented by a supplemental pleading.' . . .

"As said in Freeman on Judgments, fourth edition, section 249: '. . . The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in his complaint, or that the defendant might have interposed counterclaims, cross-bills and equitable defenses, or either of the parties may have acquired new rights pending the litigation, which might, by permission of the court, have been pleaded by supplemental complaint or answer, and therefore might have been litigated in the action. But as long as these several matters are not tendered as issues in the action, they are not affected by it. . . . The plaintiff must support all the issues necessary to maintain his cause of action. The defendant must bring forward all the defenses which he has to the cause of action asserted in the plaintiff's pleadings at the time they were filed. . . . Thus

in an action to recover real estate, the defendant cannot put in evidence a title acquired *pendente lite,* unless he has pleaded it by a supplemental answer; and therefore where he has not so pleaded it, he is not concluded from asserting it in a subsequent action.' . . .

"The absolute title which the respondent obtained, and which is asserted in the present action, was acquired after the mechanics' lien suit was at issue; it was not the title litigated in the suit, nor was it an issue in that action, and under authorities just referred to the claim of appellants that the judgment in that suit was *res djudicata* as to the title now asserted is not well taken."

Although the cases applying this rule are numerous in this state, further citation of authority upon this question is unnecessary.

[2] It is also contended by the appellants that the trial court failed to make a specific finding upon the facts constituting the defense of *res adjudicata.* All the facts of the case were admitted by the parties; there was no dispute about them. The trial court found that the judgment in the quiet title suit was not a bar to the plaintiff's recovery in this action and did not estop him from setting up his after-acquired title. Appellants contend this was a conclusion of law. Since all the facts are admitted by the parties, and since, as a matter of law, they constitute no defense to this action, it is apparent that no finding which the court might have made would have affected the result of this litigation in any manner.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1926.

Waste, C. J., Shenk, J., and Finlayson, J., dissented.