[Sac. No. 4006. In Bank.—February 15, 1929.]

ALICE G. CORY, Plaintiff, Cross-Defendant and Respondent, v. JOHN P. SMITH et al., Defendants, Cross-Complainants and Appellants.

James M. Allen for Appellants.

B. K. Collier for Respondent.

SEAWELL,. J.—This action involves a contest between lower and upper riparian owners over the waters of Miner Creek, a small stream in Siskiyou County. Defendants and cross-complainants, John P. Smith and Frank Smith, upper riparian proprietors, appeal from a judgment decreeing that plaintiff, Alice G. Cory, is the owner of fifty inches of the water in said Miner Creek measured under a four-inch pressure and that this right is superior to the interest of defendants, and enjoining and restraining defendants from diverting any of the waters of Miner Creek or its tributaries when there is less than fifty inches measured under a four-inch pressure flowing to and upon the lands of plaintiff.

The judgment of the court below was based on a finding that plaintiff, the lower owner, had a superior right to fifty inches of the water of said stream by reason of an appropriation of such a quantity by plaintiff's predecessor in interest in 1869 or 1870. The court further found that the upper riparian land owned by defendants was patented to their predecessor in interest by the United States government in 1889, which was subsequent to the date the appropriation of water was found to have been made by plaintiff's predecessor in interest on the lower lands. The court did not find, however, that the diversion by plaintiff's predecessor in 1869 or 1870 was upon land which then constituted a part of the public domain of the federal government. The absence of such a finding is fatal to the affirmance of the judgment. A diversion or appropriation of water upon land held in other ownership than that of the United States government gives the appropriator no rights as against a subsequent purchaser from the United States government of riparian land situated upon the stream above the point of diversion. (*Cave* v. *Tyler*, 133 Cal. 566 [65 Pac. 1089]; *Holmes* v. *Nay*, 186 Cal. 231 [199 Pac. 325]; *San Joaquin & Kings River Canal & Irr. Co., Inc.*, v. *Worswick*, 187 Cal. 674 [203 Pac. 999].) The declarations in the findings that the predecessors in interest of plaintiff "legally" appropriated said water in 1869 or 1870 and have used said waters "under an honest right to claim same and of right so to do ever since the year

1869 or 1870'' involve conclusions of law and do not obviate the necessity of a finding as to the public character of the land upon which the diversion was made.

■ Except as appropriators of water upon publicly owned land, plaintiff's predecessors could acquire no rights by virtue of their diversion as against a subsequent purchaser from the government of riparian lands lying above the point of diversion. As lower riparian owners or as appropriators upon privately owned land they could acquire no rights against an upper riparian owner by diversion and user for the period required to gain a title by prescription or for any period, however long. This principle of law is too well settled to merit discussion. (*Bathgate* v. *Irvine*, 126 Cal. 135 [77 Am. St. Rep. 158, 58 Pac. 442] ; *Cave* v. *Tyler, supra; Holmes* v. *Nay, supra; San Joaquin & Kings River Canal & Irr. Co., Inc.,* v. *Worswick, supra.*) The upper riparian proprietor has no cause for complaint or redress concerning the use of water after it has passed his land. Hence the court's finding that ''plaintiff by reason of being riparian owner of said lands, is justly and legally entitled to have said waters of said Miner Creek flow down stream as said waters have been accustomed to flow since 1869,'' and is entitled to use the waters which she and her predecessors in interest have used continuously since 1869 embodies an incorrect conclusion of law.

■ While in certain cases this court will correct or supply findings with a view to rendering the findings sufficient to support a judgment entered in the lower court, the condition of the pleadings and evidence in the instant case is such that we would not be warranted in making a finding to the effect that the diversion by plaintiff's predecessor in interest was upon public land. The complaint fails to state facts showing a right in plaintiff to fifty inches of the waters of Miner Creek by virtue of an appropriation in 1869 or 1870, for the reason that it is not alleged that the diversion was made upon public lands. In fact the point of diversion is not described in the complaint. The only lands described therein are the lands to which the water was conveyed for use by the ditch alleged to be owned by plaintiff, and said lands are not alleged to have been public lands at the time the appropriation was

made in 1869 or 1870, or at any time. It appears from the evidence, including the maps introduced as exhibits, that the point of diversion from Miner Creek was not located upon the lands of plaintiff and her predecessors in interest, but upon other lands to the south thereof, from which the water was carried by the Miner Creek ditch to plaintiff's lands. The location of the point of diversion was not definitely fixed by the evidence, and no proof whatever was introduced to show the public character of the land at said point of diversion. The burden of offering such proof was upon plaintiff. (*Cave* v. *Tyler, supra.*)

The oral stipulation made at the opening of the trial as to plaintiff's title having been deraigned through patents of 1876, 1877 and 1883, related to the lands owned by plaintiff and her predecessors, not to the lands south thereof upon which the point of diversion was located. However, we do not regard said stipulation as satisfactorily establishing the public ownership even of plaintiff's said lands at the time of the appropriation, found by the court to have been made in 1869, or 1870, and there is no other evidence in the record on this point. The "patents" referred to in said stipulation may have been railroad patents, as was the patent through which defendants claimed title to a portion of their lands. Even if plaintiff's lands were patented to plaintiff's predecessor in interest in 1876, 1877 and 1883 by the federal government and were at the dates of the issuance of said patents in the ownership of the federal government, it was not shown that they were so owned on the earlier date when the appropriation was found to have been made.

Judgment reversed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Richards, J., and Waste, C. J., concurred.