[Sac. No. 4881. In Bank.—March 25, 1936.]

CHARLES THORNE et al., Respondents, v. McKINLEY BROTHERS (a Corporation), Appellant.

H. G. Crawford for Appellant.

William H. Hazell and Joseph C. Sharp for Respondents.

CURTIS, J.—The controversy in this case involves the right to the use of certain of the waters of Anderson Creek. While the amended complaint asks that plaintiffs' title to a tract of land described therein be quieted against the claims of the defendant, no contention seems to have been made during the trial, nor is any now made, that the defendant has any interest, right, title or estate in said land. We will, therefore, confine our discussion in this case to those questions which affect the respective rights of the parties to the waters of said creek. The amended complaint asks that plaintiffs' title to the waters of Gunning Creek and Lampley Creek be quieted and that defendant be forever debarred from asserting any claim thereto. These two creeks unite to form Anderson Creek, which latter creek in turn joins English Creek to form Putah Creek. Putah Creek has its source in Cobb Mountain in Lake County, flows in a generally easterly direction, draining an extensive watershed in Lake, Napa, Yolo and Solano Counties, and empties into the Sacramento River below the town of Davis.

It is a seasonable stream, flowing a large quantity of water in the rainy season and a comparatively small amount in the dry season. This stream with its tributaries is the same stream of water involved in the case of *McKinley Brothers* v. *McCauley,* 215 Cal. 229 [9 Pac. (2d) 298].

Plaintiffs own a forty-acre tract of land which is riparian to Gunning and Lampley Creeks and claim the right to the use of the water flowing in said creeks by virtue of the riparian character of their land which is situated upstream and above defendant's point of diversion hereinafter referred to. The defendant, a corporation, is the owner of lands near Anderson Creek but not riparian to said creek. It claims the right to the use of all the water of Anderson Creek, which includes that flowing in the two tributaries, Gunning Creek and Lampley Creek, to the extent of 500 miner's inches measured under four-inch pressure. This claim is based upon an appropriation of said water by its predecessors in interest in 1862 for milling purposes and irrigation, while the land at the point of diversion and that above the diversion point, including the land now owned by plaintiffs, was still unoccupied public land. As a separate defense to plaintiffs' cause of action, defendant pleaded a judgment rendered in the Superior Court of the County of Lake, entitled *McKinley Brothers (a Corporation),* v. *Arthur Thorne, David Thorne, Charles Thorne et al.,* and numbered 2229, and contended that the plaintiffs were barred from maintaining the present action by reason of the matters adjudicated in said previous action. Upon the trial of this action, the court held that the judgment in case No. 2229 was not *res judicata* as to the rights of the plaintiffs to the waters of said creeks; that the defendant McKinley Brothers was the owner and holder of an appropriative right in and to the waters of Gunning and Lampley Creeks to the extent of the entire flow thereof between the hours of sunrise and sunset from the first day of June to the first day of November in each year, and to the extent of the nominal and usual and ordinary flow of said stream at all other seasons of the year between said hours, and that defendant's appropriative right was superior and paramount to the riparian rights of the plaintiffs in and to the waters of said creeks as owners of land riparian to said stream; that the plaintiffs' land was riparian to Gunning

and Lampley Creeks and that plaintiffs were entitled to the reasonable use of the riparian flow of said streams upon their said tract of riparian land for household and domestic purposes and for irrigation thereof, and other riparian uses between the hours of sunset and sunrise of all seasons of the year. From this judgment the defendant McKinley Brothers has appealed.

 Appellant first contends that the trial court erred in holding that the judgment in case No. 2229 was not a bar to the present action instituted by the respondents. Action No. 2229 was instituted by the appellant, McKinley Brothers, a corporation, against various defendants, including the two respondents herein. It was brought, as appears from the prayer of the complaint therein, to enjoin the defendants therein from obstructing or diverting the flow of water of Putah Creek from its channel onto certain lands described in the complaint in said action, and from constructing any dam or ditch whereby said waters to the extent of five hundred miner's inches measured under a four-inch pressure were diverted from the mill of the plaintiff or were prevented from descending to the land of said plaintiff. The lands described in the complaint in said action include the land upon which the respondents herein claim the right as riparian owners to use the waters involved in this action. The complaint in said action was filed August 13, 1913, summons thereon issued and served on the respondents herein, and upon their failure to answer said complaint, judgment was rendered against said defendants enjoining them from using or asserting any right in or to the waters of Putah Creek or its tributaries. In said complaint it was alleged that the defendants in said action, including the two respondents in the present action, wrongfully diverted the waters of Putah Creek upon a quarter-section of land, which included the forty-acre tract now owned by respondents, and "that defendants (including the two respondents herein) are in the possession of and claim to own the same". The default of the defendants in said action was an admission that all of the allegations of the complaint therein were true and the court in its default judgment inserted a recital or finding to that effect. Appellant contends that the finding of the court that the defendants in said action were in the possession of the real property and claimed to

be the owners thereof is tantamount to a finding that said parties were the owners of said real property, and as the judgment in said action enjoined the defendants in said action from interfering with the rights of the plaintiff in said action to the water flowing in Putah Creek and further enjoined them from using or asserting any right to the waters of Putah Creek or its tributaries, appellant contends that this judgment was a complete bar to the prosecution of this action by respondents and was *res judicata* as to them. Appellant's position might be impregnable were it not for other evidence in the case. This evidence consists of a patent issued by the United States government on May 27, 1912, something less than a year before action No. 2229 was instituted, to Alexander K. Crawford to the lands described in the complaint in this action, being referred to above as a forty-acre tract. On April 1, 1929, Alexander K. Crawford conveyed said tract of land to Lindsay A. Crawford, who subsequently conveyed the land to the respondents. Neither one of the Crawfords was made a party to the action No. 2229, and the judgment therein was, of course, not binding upon either of them or upon their grantees. The judgment against respondents in action No. 2229 was not, therefore, a bar to the present action which is based upon a title to said tract of land acquired subsequent to the rendition of the judgment in the prior action. (*Segarini* v. *Bargagliotti,* 79 Cal. App. 347 [249 Pac. 545], and authorities cited therein.) There is no merit in appellant's contention that, as in action No. 2229 the respondents herein were alleged to be and the court found that they were in possession of the land and claimed to own the same, therefore, they were adjudicated to be the owners of said land. They were simply adjudged to be in the possession of said land. While ownership may be presumed by proof of possession such presumption is a rebuttable presumption and may be controverted. (Sec. 1963, subd. 11, Code Civ. Proc.) This presumption was entirely overcome in the present action by the admission in evidence of the patent to Crawford and subsequent deeds. This evidence was conclusive proof that the respondents were not the owners of the forty-acre tract at the time judgment was rendered in action No. 2229. They were not, therefore, bound by said judgment in so far as their title to said forty-acre tract was

involved. Having acquired said land subsequent to the entry of the former judgment and said land being riparian to the two tributaries of Putah Creek, said judgment was not an adjudication of their newly acquired right to said waters and respondents were not barred nor concluded by said judgment in asserting in the present action their rights to said water against the appellant.

It is next contended by appellant that the findings of the court are uncertain and the judgment is void for the reason that the court failed in said finding to fix the amount of water to which appellant was entitled to divert under its appropriative right. In its answer, appellant claimed to be entitled to use all of the natural flow of said stream up to 500 miner's inches measured under a four-inch pressure. The court found that the entire flow of Anderson Creek (the creek formed by the junction of Gunning Creek and Lampley Creek to which respondents' land is riparian) was diverted between June 1st and November 1st in each year for the operation of appellant's mill between the hours of sunrise and sunset, and gave judgment accordingly without limiting the amount to 500 inches. It would seem that appellant is in no position to complain that its right was not thus limited. We do not understand that it does, but it contends that in failing to limit or fix the amount the finding is uncertain and the judgment based thereon is void. It cites in support of its contention the case of *Riverside Water Co.* v. *Sargent,* 112 Cal. 230 [44 Pac. 560]. In that case the court found that the plaintiff was the owner of all the water flowing in the river except so much thereof as the defendants were entitled to take and then fixed the latter amount at the capacity of defendants' ditch. On appeal this court held that the findings and judgment must fix the extent of the superior right, "viz, the quantity of water to be allowed to the party whose claim is paramount, otherwise, the judgment fails to attain the certainty necessary to an estoppel upon the main subject of the litigation". The court then went on to show that the carrying capacity of a water ditch is subject to rapid changes, being affected by the nature of the soil through which it passes, the rapidity and consequent scouring force of its current, the care it receives, and other matters more casual, and that such a finding seemed well devised to "lead to future disputes and

litigation''. The finding and judgment in the present action in our opinion are not open to criticism. They provide that appellant is the owner of the entire flow of the stream during certain definite periods of time. There is nothing uncertain in such a statement. While the entire flow of a stream may vary at different months of the year, as long as a party is awarded the right to divert all the water flowing in a stream, there can be no uncertainty as to the extent of his right.

■ As will be noted from what has already been said, the court limited appellant's right to use the water of said stream to the hours between sunrise and sunset. While appellant's original diversion embraced the entire flow of the stream, appellant only used the water thereof during the daytime until the year 1895, when it constructed its storage reservoir and thereafter used the entire flow of the stream. Up to the year 1895, the appellant while diverting all the water from the stream only put the day flow of said stream to a beneficial use. "The extent of an appropriator's right is limited not by the quantity of water actually diverted by him nor by the capacity of his ditch but by the quantity which is, or may be, applied by him to beneficial uses." (26 Cal. Jur., p. 94.) This principle has been so well established by the decisions in this state, as well as in other jurisdictions where the right of appropriation exists, as to require no further citation of authority. ■ As appellant only devoted the day flow of the stream to a beneficial use up to the year 1895, its rights prior to that date were limited by such use. If it acquired any further right to use said waters during the night-time, it must have been acquired by its use of said water during that period of the day by means of the storage of said water in the reservoir constructed in that year. Such a use of said water would be in legal effect an appropriation of the night flow of said stream and would give to appellant the right to the entire flow of said stream, provided a valid appropriation of the waters of said stream could then be made by appellant which would give it a right superior and paramount to the rights of the respondents whose lands are riparian to said stream and are located above appellant's point of diversion, and which were in 1895 unoccupied public lands of the United States. The problem thus presented is whether

an appropriation of water in a flowing stream, made upon land held in private ownership, gives to the appropriator thereof a right superior and paramount to that of an upper riparian owner on said stream of land which at the date of said appropriation was unoccupied public land of the United States, but subsequent to said appropriation has passed into private ownership. This actual situation was before this court in *Cave* v. *Tyler,* 133 Cal. 566 [65 Pac. 1089], and it was there held that the lower appropriator, if the diversion was made on private land, can claim no right to divert the waters of a stream as against the right of an upper riparian owner to the reasonable use of said waters although the latter acquired title to his land through a United States patent issued subsequent to the date of said appropriation. The case of *Cave* v. *Tyler, supra,* was followed and approved by this court in the case of *San Joaquin & Kings River Canal & Irr. Co., Inc.,* v. *Worswick,* 187 Cal. 674, 688 [203 Pac. 999]. In that case, after an exhaustive discussion of the subject and the citation of numerous authorities, the court expressly upheld the doctrine announced in the case of *Cave* v. *Tyler, supra,* concluding the discussion by the following pronouncement: ''Our conclusion is that the appropriations of 1871 and 1872 by which the water rights of the plaintiff were acquired, are not, by the aforesaid acts of congress in 1866 and 1870, made superior or paramount to the riparian rights pertaining to the public lands of the United States situated on the stream above the place of diversion and afterwards purchased by the defendants from the United States.'' In a still later case, this court approved the case of *Cave* v. *Tyler, supra.* (*Cory* v. *Smith,* 206 Cal. 508, 512 [274 Pac. 969].) While the case of *Cave* v. *Tyler* has been criticised both by Mr. Kinney (Kinney on Irrigation and Water Rights, vol. 2, sec. 676, p. 1173) and by Mr. Wiel (Water Rights in the Western States, 2d ed., pp. 157–159), this court has never receded from its position taken in that case, but has, on the other hand, expressly approved the doctrine therein announced on two subsequent occasions. We therefore feel constrained to follow in the path of our former decisions upon this subject and hold that appellant's appropriation of the night flow of said stream, and its right to the use of the flow of said stream,

during the night-time, is subject to the superior riparian rights of respondents to the reasonable use of the night flow of said stream upon their lands described in the amended complaint herein for household and domestic purposes and for the irrigation of said land.

The judgment is affirmed.

Shenk, J., Thompson, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.